Which case this morning is 077071 v. DVA, the methods of banners. Yes, your honor, thank you. May it please the court I would like to reserve five minutes for rebuttal. This case involves the interpretation of the word applicable under 38 U.S.C. 7104 which requires the Board of Veterans' Appeals to consider all applicable provisions of law in making its decisions. The dictionary definition of applicable, as the dissent pointed out, Have you abandoned totally your claim of presumptions, your honor? Yes, I have, Judge. And I am focusing simply on the lower court's failure to properly define the term applicable because the dictionary definition is that applicable is relevant or pertinent, but the court failed to define it that way and as a result it permitted the board to operate with blinders on and to make a decision on an underdeveloped record. It permitted the board to ignore a relevant source of evidence based on its limited But the problem I have with your argument is that all that the statute requires the board to do is upon consideration of all applicable provisions. It doesn't say they have to enforce that under the statute. All it says is upon consideration. And why haven't they given due consideration to it? They considered it, they didn't find it convincing, but they considered it. Actually, the board did not consider 10 U.S.C. 1218 at all, Judge. And my point was that they needed to consider it not as a mechanism to enforce anything that happened back in 1970 with the veteran, but to consider it as a source of possible evidence. The statute, 10 U.S.C. 1218, specifically describes a process that is to occur and we presume did occur when the veteran was separated from service due to his disability. And it indicates that the Marine Corps, that the service, may have some records that would be relevant for purposes of establishing the earlier effective date for the veteran. In fact, the lower court acknowledged that pursuing that theory of entitlement would require factual development. And that's my point, that the factual development has to occur and that the board, by failing to look at 10 U.S.C. 1218 as a possible source of evidence, failed to develop the record completely. And the lower court said that they didn't have to look at it because it didn't impose an obligation on the VA because it's not entitled to a VA. The VA statute didn't say they have to look at it. In contrast with subsection A of 7104, subsection C is quite explicit. It says the board shall be bound by its decisions and various other things. There, there's no doubt that the board must follow decisions. Here, the board is saying consideration of all applicable provisions of law and regulations. The court concluded that it didn't think this particular provision was applicable. Right. Isn't that due consideration of it? No, it's not, Judge. Why? Because, first, the board did not consider it, and the court said, as you just stated, that the board didn't have to consider it because it wasn't applicable. And the reason the court said it wasn't applicable is because it didn't use the dictionary definition. It didn't say, it didn't consider whether it was relevant to the case in terms of establishing whether the veteran filed a claim before 1999. Well, now, what did the veteran say in his application about his filing a claim in 1970? Did he say any echelons? The first written claim, this is reflected in the dissent, actually. I don't think it's part of the appendix on appeal. But his first, the written claim that is in the record, which was filed in the year 2000, he said, yes, he had filed a prior claim for compensation and pension. In 1970? They didn't ask what year. They did not ask what year. That's inconsistent with where he checked the box done when he applied for educational benefits and was asked what prior claims he filed. That is correct. It is inconsistent, which is why there, again, needs to be a factual development and factual determinations, which the board would have to make in the first instance once the record is fully developed. There's other evidence in the record that suggests that he believed he filed a claim in 1970. Again, this court doesn't have to reach any of that. What might he expect to find if they did? Well, I think there could be lots of things that could be found. For one thing, the personnel records are not going to be filed. There could be a copy of a claim, date stamp, that the service organization got back from the VA. There could be notes indicating that they helped him file his claim. There could be letters that the service sent to the VA indicating that they filed it. None of that has been developed. The VA, as far as his concern, has no record of a claim filed at the time of his discharge. That is correct. The VA does not, but I'm saying that they haven't fully developed the record, and the reason they haven't fully developed the record is because the board didn't look at the TDRL, 10 U.S.C. 1218, as a source of possible evidence. And then the court said, you don't have to. You can just go through with blinders. Here's this possible evidence over here. Don't bother looking at that. It's not in Title 38. Well, it's still relevant to the case because it could show that we don't know what's there. We're speculating. Both ways, we don't know whether there is or we don't know if there isn't, but the board should have considered all possible sources of evidence. The secretary agreed in his brief to this court that the board is tasked with making the broader factual inquiry directed toward all evidence concerning the date when the first written claim was submitted. That's exactly right. The board is tasked with that, and to do that job properly, it must consider all applicable provisions. This is not a fishing expedition. The veteran was separated from service under 10 U.S.C. Section 1210. This section, 10 U.S.C. Section 1218, specifically includes in its title claims for compensation. It is by its terms relevant to a VA claim because it sets out this process that the service is to follow. And if they follow that process, which I assume they did, then it is possible, it is reasonably possible, that there are documents that are relevant to the issue of did the veteran file a claim. And all we are asking for this court to do is to interpret applicable and consistent with the dictionary definition. There's no regulation that defines applicable, but there doesn't need to be. It is a common word. Everyone knows what it means. It means relevant. It does not mean impose an obligation. It does not mean limited in the statute. Are you saying, then, that the VA would be under a duty to review all of the records that would be available, including the service record? Is there any indication that they looked at the service record? They looked at the service medical records, but they did not look at service personnel file. And, yes, the VA is under a duty to consider those records. There is a specific statute and regulation that obligates the VA to obtain all federal records unless they are assured that efforts to get those records would be futile. You're not saying because of the failure of their duty to do that, are you? That is correct. I am not saying that. I'm saying that the failure here was a failure first to consider where to look. And it is connected to the duty to assist. But I am not arguing here that the Board did not comply with its duty to assist, and I did not argue that below. I'm arguing that the Board needed to consider applicable laws. And, again, like I said, it's not a fishing expedition. Where would these records be? I beg your pardon? Where would these records be? Well, they did not ask for his personnel file. That is one source. Where would they be? Those would be at the— At the National Lab? I'm sorry. At the repository or something? Yes, in St. Louis, the personnel records. There are also—I actually just learned this last week— that the service medical records are one set of records, but that hospitalization and clinical records also kept at the personnel center in St. Louis are categorized differently. He was hospitalized before he was released from service, and so there may be records in those. But that request was also not made. There has to be a specific request for clinical or hospital records as opposed to medical records in order to obtain those records. But records have to relate to whether you filed a claim, don't they? Yes, they do. I mean, the fact that he was hospitalized and there are records showing this condition, that doesn't show that he filed a claim, does it? No, it doesn't, Judge, but that is getting into factual determinations, and—which I'm not asking this court to make— it doesn't show that he filed a claim if the records don't show that. On the contrary, if the records do indicate that he filed a claim, which they could, then he would be able to establish that he filed a claim. If you say they could, is that enough? Doesn't there have to be some—you referred previously to the possibility that something might turn up. Is that enough? I mean, that's a very sweet—doesn't there have to be something more? Doesn't there have to be some sort of a reasonable likelihood that it would turn up? I don't think reasonable likelihood is the standard, Judge. The standard is if there is a possibility, then if it's reasonable. And federal records in particular, there is not a standard. It's just they are to get those records. And again, those are factual determinations. If the standard is just a possibility, then it seems to be limitless. For example, I say you should look to see letters he wrote to his family, because in that he might have stated, possibly stated, I filed a claim for benefits with the VA. Would you agree that wouldn't be enough? If he submits the letters, they have to look at them. I don't think they have to be asking him for those letters, but they do have— He says, I want you to get those letters. I don't have them. My daughter has them, the letters to her. Take a look at them. I don't remember what I said, but maybe it's possible. I said it the other day. No, I don't know that he would be able to say that they should get those. But they are privately held records that are held to a different standard. Let's hear from the government. Mr. Cragar? Yes, sir. I'm going to go to the court. Mr. McGee is basically asking for an advisory opinion. Mr. McGee is seeking a legal interpretation in the abstract that seems to be unconnected to any ruling that the Veterans Court made or any claim that Mr. McGee is now making. In this context? Are you looking for a specific particular requirement that the VA look at all of the records, including the ones that would be developed in the 10, 12, 18? No, it's on page six of the appendix, about two-thirds of the way down. It says, on appeal, Mr. McGee raises a single argument that the board erred in failing to consider or to apply 10 U.S.C. section 1218. In particular, he contends that the statute operates to create a presumption because you're no longer pursuing that presumption. I know. At this point, they're no longer pursuing that. But what I'm saying is that the holdings that the Veterans Court made with regard to whether this was applicable law, those statements are made in the context of what they're ruling on. What they're ruling on is whether or not there's a presumption. And they say that this is not applicable to create presumption. There was no issue before the Veterans Court, no issue properly before the Veterans Court, of any duty to assist. That was expressly abandoned. Ms. Cook said that just a few minutes ago. They're not relying on duty to assist. If, in fact, there's a statutory notice under 1218, is there a basis where the government cannot discharge a veteran for medical purposes unless they're advised of VA filing? That's required under that particular section of the statute. That's not required. And I'm glad you raised that, Your Honor. So there's two points. One is that they never raised the duty to assist, so there was nothing to rule on. And this issue was raised at oral argument, that appears somewhere in the papers. Well, let's focus on what's argued here today, because she's back. Okay. I'll tell you what I'm going to say. I'll tell you what I'm going to say. I'll tell you what I'm going to say. Okay. That's the question. Okay. Answer it. Yes, Your Honor. Hypothetically, Ms. McGee now argues that it might be related to the duty to assist. And even assuming hypothetically, it is not relevant. It could not be applicable, even in that situation, if you look at the terms of the statute. Because the statute creates four possibilities for how it can be satisfied by the military organization. One, it says that the veteran may create a claim to be fired. And those words, to be filed, are key. Filed by whom? By the veteran. To be filed. That's what it requires. The other three dissolve no claim. Either he files a statement that he will not file it, or he fills out a statement that his rights have been explained to him, or he fills out a statement that says, or that he refused to fill out a statement saying his rights have been explained to him. So of the four options, the only one that might possibly be applicable is that the military organization helps him create a claim to be filed. Why would that not be relevant to the issue before the VA? Because even if you could find a document that would demonstrate that that had happened, it would not be sufficient to meet the filing effective date, the effective date of the claim, because it has to be a claim that's actually filed. Wouldn't it tend to show what it was? I mean, the logical next step would be to file it. Most people would not say, I didn't have a compensation, but I'm not going to ask for it. I mean, you can't rely on the VA's records necessarily. They're not the most efficient organization we know of. That's the whole point here is to try to find out what was done and see if there was an inconsistency between the VA records and the military records. There has to be, in order to consider this to be applicable law, in other words, the applicable law on the duty to assist is Section 5103 that says you have to go look for things. That's what the applicable law is. There is nothing in Section 1218 that requires that. It's more in the way of factional background. In other words, it's not applicable law that says you will have to require them. The requirement to go look already exists. But is it relevant to the claim? No, I don't think it's relevant. In fact, I think it's not relevant. It's not relevant to the claim because there was no claim of duty to assist. But even aside from that, assuming that they had properly made the duty to assist claim, it's not relevant because what you need to show is factual background. It's no more relevant for the purposes of 7104, which is what you're saying, you have to discuss it, than any other statute that describes the requirement to maintain records. For example, the requirement to maintain medical records. That's in the statute. That's in a regulation somewhere. That doesn't have to be discussed in every board decision. It's just background. What has to be discussed in the board decision is in the context of what had occurred, had the secretary made reasonable efforts to assist the veteran. And in this case, there was a ruling on that, and the Veterans Court could have applied the facts of the law. It did not because it wasn't raised, but could have applied the facts of the law to evaluate. Even if the question had been raised, you know, did you go look at the personnel records for the military to see whether they filled something out? That still doesn't mean that there was a requirement to discuss Section 1218 in every board decision, which is the pure legal question that's being raised here, to the extent that it's possible, the advisory opinion that's being sought. Why would it be a diagram? Well, because it's unrelated to any holding of the Veterans Court or the board. In other words, the board refused to look at that statute. No, the board was never asked to look at that statute.  The board was, I suppose, asked to consider that in the context of seeking a presumption. The board's ruling is in the supplemental appendix with regard to the duty to assist, and it's on page 19, and it says at the bottom that the RO has informed the veteran of the evidence necessary to substantiate his claim. Pertinent records are on file, and then said the duty was met. That's the holding of the board. Pertinent records were on file. That holding of the board was never even challenged when it was proper under the jurisdictional statutes to challenge it. Those types of challenges to the facts of the law can be challenged in the Veterans Court. Mr. McGee decided not to. It was only after Mr. McGee decided that his presumption argument was going to fail, apparently, that in the context of moral argument, I don't know if there was some discussion that was going on, that was raised at the last minute. Well, maybe it could have been relevant in the connection of the duty to assist argument. I don't think there's any issues properly before the court, but even if it were, the statute really is more just in terms of background and establishing that there are certain records out there. There's no obligation to always discuss it. On the face of it, it doesn't show that there would be any record. And I think that was conceded tacitly by counsel when she suggested a certain example of what might be found in the Marine Corps file. She said they might find an application date stamped back from the VA. The counsel realizes that what the regulation requires is different from what she would need as proof. What she would need as proof would be some evidence of receipt of an application by the VA. That's what everybody knows. But the regulation doesn't require that. So even the example that counsel suggests, there's no reason to believe, based on the regulation, that that would be in those files. If you have different questions, please let us know. Thank you. I just want to clarify a few things. This issue was raised to the court as below, as the dissent details. There was an uncontradicted record at one point, and then a few weeks, less than a few weeks before oral argument, the record was no longer uncontradicted. And that is when I filed a pleading with the court indicating that I was not asking for reversal. And the entire oral argument was based on the argument as described in the dissent. I'm not arguing duty to assist was violated, and I'm not arguing that the board should have discussed this. The secretary rests his argument basically on a request that this court make findings of fact, saying that it couldn't possibly be applicable. The only issue before this court is what is the proper definition of that phrase, applicable provisions of law. The secretary agrees that 10 U.S.C. 1218 produces, it is relevant for factual background purposes. That's exactly right. It is relevant. Does that mean that the entire issue turns on whether or not the VA has a duty to assist in preparing that record and obtaining those records? Isn't that part of the duty to assist? I think that if it's relevant, the duty to assist comes into play, yes. But I think even outside of the duty to assist, if it's relevant, for purposes of developing a fully developed record, the board should have looked at it, whether the duty to assist exists or not. But we don't have to go there, but I'm simply trying to clarify. I'm sorry. Why doesn't he need to go there? Well, because I think, because before the BCAA was enacted and before the duty to assist was specifically clarified, the board still had an obligation to have a fully developed record. But given that that obligation exists to assist the veteran in obtaining records, particularly federal records, yes, the duty to assist is implicated. The question is, how do you comply with the duty to assist? How do you know, how does the board know where to look for records? And one answer is by looking at relevant laws, and this is a relevant law because it is a source of possible evidence. But it's all contextually related to the duty to assist. Yes, it is. Yes. But you're not arguing. That is correct. The legal error. Why not? Well, because I think that the, because the legal error that I presented to the lower court was the failure of the board to consider 7104. No, 7104 is. I mean, for under, excuse me, failure to consider 1218 under 7104. The duty to assist the defendant, if we were to agree with the defendant. Yeah. Remand the duty to assist the defendant. That is correct. Thank you. Thank you. The case is submitted.